MONA Z. HANNA, ESQ., SBN 131439
mhanna@mrllp.com
DAMARIS L. MEDINA, ESQ., SBN 262788
dmedina@mrllp.com
**MICHELMAN & ROBINSON, LLP**
15760 Ventura Boulevard, 5th Floor
Encino, California  91436
Telephone:  818-783-5530; Facsimile:  818-783-5507

Attorneys for Plaintiff FIRST CLASS VENDING, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FIRST CLASS VENDING, INC., a California Corporation; <br><br> Plaintiff, <br><br> vs. <br><br> ITC SYSTEMS (USA), INC. a Missouri Corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. CV12-2342 ODW (PLAx) <br> Judge Otis D. Wright II <br><br> **FIRST AMENDED COMPLAINT FOR:** <br> **1. BREACH OR ORAL CONTRACT;** <br> **2. BREACH OF IMPLIED CONTRACT;** <br> **3. FRAUD;** <br> **4. NEGLIGENT MISREPRESENTATION;** <br> **5. INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;** <br> **6. NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS;** <br> **7. BREACH OF EXPRESS WARRANTY; and** <br> **8. BREACH OF IMPLIED WARRANTY.** <br> Complaint Filed:  February 21, 2012 |

284534

FIRST AMENDED COMPLAINT

Plaintiff FIRST CLASS VENDING, INC. ("Plaintiff") hereby alleges, by the undersigned attorneys, upon personal information as to itself and upon information and belief as to all other allegations as follows:

## PARTIES/VENUE

1. At all times mentioned herein, Plaintiff was, and now is, a California Corporation doing business in the County of Los Angeles, State of California, in this judicial district.

2. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, Defendant ITC SYSTEMS (USA), INC. ("ITC"), was and is a Missouri Corporation with a sales team located in the State of California and engaged in doing business in the County of Los Angeles, State of California, in this judicial district.

3. Furthermore, the obligations herein and sued upon were made and entered into in the County of Los Angeles, State of California, in this judicial district.

4. Plaintiff does not know the true names and capacities of the Defendants sued herein as Does 1 through 100, inclusive, and therefore sues such Defendants by such fictitious names. Plaintiff will ask leave of the court to amend its complaint when the true names and capacities of such fictitious names of Defendants are ascertained. Plaintiff is informed and believes and thereon alleges that such fictitiously named Defendants are liable to Plaintiff for the facts and circumstances herein alleged.

5. Plaintiff is informed, believes and based thereon alleges, that at all relevant times herein, Defendants, and each of them, were the agent, representative and/or employee of each of the other Defendants, were acting within the course, purpose and scope of their agency, representation and/or employment, and authorized and permitted, consented to and/or ratified the alleged conduct of each of the other Defendants.

1

284534

FIRST AMENDED COMPLAINT

## GENERAL FACTUAL ALLEGATIONS

6.    On or about November 2010, Plaintiff entered into an agreement with the County of Los Angeles to provide 200 vending machines for inmates at the Los Angeles County Sherriff's Department jails, a true and correct copy of which is attached hereto and incorporated herein by reference and marked Exhibit "1". (the "County Agreement")

7.    According to the County Agreement, the vending equipment had to meet specific and detailed specifications in or to be located where inmates could access and use the vending machines. With certain exceptions, all of the vending machines are required to accept Mag Stripe cards containing credit as payment for the merchandise. The Mag Stripe readers are required to be of sufficient quality to avoid manipulation resulting in receipt of free products or erroneous credit to the Mag Stripe cards of the inmates.

8.    During the bidding process, and prior to Plaintiff winning the bid for the County Agreement, two major issues raised by the Los Angeles County Sherriff's Department was the problems they were having with the prior vending company due to the manipulation of the Mag Stripe readers and losses the Sherriff's Department and the current vendor sustained by inmates manipulating the Mad Stripe reader system and stealing merchandise.

9.    At the bid meeting, The Los Angeles County Department specifically raised two requirements for the new contract: (1) that the vending machines not be susceptible to "double-stacking" and (2) that the machines have the ability to read Debitek cards (the Mag Stripe Cards already in use by the Sherriff's Department).

10.    "Double-stacking" was the manner in which the inmates had been manipulating the vending machines during the prior contract. The inmates would sand down one card with no credit on it, and insert it with a card containing a credit amount. When the Mag Stripe Reader processed the credit amount on the

2

FIRST AMENDED COMPLAINT

card that contained a positive credit amount, the inmates would pull the card out leaving only the empty card in the Mag Stripe Reader. This process resulted in adding a credit onto the empty card.

11. Representatives from ITC Systems ("ITC"), a provider and manufacturer of Mag Stripe readers for Mag Stripe cards and reader devices for vending machines were present at the meeting. At this meeting, and at subsequent meetings thereafter, ITC specifically represented that it could provide Mag Stripe readers that would not be subject to manipulation by "double-stacking" as to avoid the stealing of merchandise by inmates and the losses that occurred during the prior contractor's vending agreement with the Sherriff's Department. Further, ITC specifically represented that it could use the Debitek cards already in use by the Los Angeles Department.

12. Before the bid was awarded, ITC representatives arranged an in-person demonstration at First Class Vending. ITC had two technicians demonstrate the "double-stacking" process on their Mag Stripe readers to show that their Mag Stripe Readers were not susceptible to the "double-stacking." ITC also specifically told multiple representatives from First Class Vending, at this and other subsequent meetings, and through subsequent written correspondence, that their Mag Stripe Readers had been tested and that they were not susceptible to the "double-stacking" issue.

13. Additionally, at the bid meeting ITC was presented with questions regarding the Mag Stripe Cards portions of the bid. The bid specifically required the ability of the Mag Stripe Readers to read the existing inmate vending cards. ITC's written response to Plaintiff, specifically stated that their readers were "able to read existing inmate vending cards." ITC also specifically stated, "ITC Systems is able to read the existing debit cards in circularities at the jails. This prevents the county from having to reissue new debit cards to replace all existing cards."

3

284534

FIRST AMENDED COMPLAINT

14. Based on the demonstration of the "double-stacking" issue and subsequent representations by ITC that their Mag Stripe Readers were not susceptible to the "double-stacking" process and that they could read the existing Debitek cards used by the Los Angeles County Department, Plaintiff agreed to purchase, and have one of its suppliers purchase, 200 Mag Stripe readers and other hardware and software for the sum of $158,000.00 from ITC, for the purpose of providing vending machines to the Los Angeles Sherriff's Department under the County Agreement.

15. Contrary to ITC's representations, the vending Mag Stripe readers were subject to manipulation and did allow the inmates to steal products and to obtain erroneous credit onto their debt cards by, among other things, "double-stacking" the cards. Since installation of the vending machines in or about January 11, 2011 Plaintiff discovered that inmates were manipulating the readers and emptying the vending machines of merchandise without paying for the items. Also, Plaintiff discovered that the Mag Stripe Readers could not, in fact read the existing Debitek cards, and it had to absorb the cost of replacing all existing cards with ones that ITC's Mag Stripe Readers could read.

16. Plaintiff immediately informed ITC of the stealing that was being done through the Mag Stripe readers and ITC attempted to make software changes to the readers. The software changes have not fixed the problems and inmates continue to manipulate the Mag Stripe readers allowing them to receive free merchandise. Further, ITC had agreed to provide a proto-type for a Bar Code reader within six (6) months of the contract that would replace the Mag Stripe reader. ITC has failed to provide the prototype.

17. As a result of Plaintiff's conduct, Plaintiff faces a claim for breach of contract of the County Agreement in excess of $400,000.

///

4

284534

FIRST AMENDED COMPLAINT

## FIRST CAUSE OF ACTION FOR BREACH OF ORAL CONTRACT

### (Against ALL Defendants and Does 1-100)

18.   Plaintiff realleges and incorporates by reference paragraphs 1 through 17, as though fully set forth herein above.

19.   Plaintiff entered into the County Agreement on or about November 2010. Pursuant to Section 15.0 of Appendix B to the County Agreement, Plaintiff and Defendants agreed to work together to "reduce theft/loss of merchandise associated with the use of vending machine debit cards" (Exhibit 1).

20.   Upon information and belief on or about November 2010 Plaintiff and ITC entered into an agreement whereby ITC agreed to sell to Plaintiff 200 Mag Stripe readers that they represented would not be subject to manipulation and would prevent the inmates from stealing products or credits.

21.   Plaintiff has fully performed all obligations required of Plaintiff under the Contract.

22.   ITC inexcusably breached its obligations under the agreement and continues to breach the agreement by, among other things, failing to provide equipment free of defects and not subject to manipulation for the vending machines.

23.   As a proximate result of these breaches of contract, Plaintiff has suffered, and will continue to suffer, actual, general and special damages in an amount to be proven at trial but which is in excess of $400,000.00. Plaintiff seeks compensation for all damages and losses proximately caused by these breaches.

## SECOND CAUSE OF ACTION FOR BREACH OF IMPLIED CONTRACT

### (Against ALL Defendants and Does 1-100)

24.   Plaintiff realleges and incorporates by reference paragraphs 1 through 23, as though fully set forth herein above.

25.   Plaintiff entered into the County Agreement on or about November 2010. Pursuant to Section 15.0 of Appendix B of the County Agreement,

5

FIRST AMENDED COMPLAINT

Plaintiff and Defendants agreed to work together to "reduce theft/loss of merchandise associated with the use of vending machine debit cards" (Exhibit 1).

26. Upon information and belief, on or about November 2010 Plaintiff and ITC entered into an agreement whereby ITC agreed to sell to Plaintiff 200 Mag Stripe readers that they represented would not be subject to manipulation and would prevent the inmates from stealing products or credits. ITC inexcusably breached its obligations under the agreement and continues to breach the agreement by, among other things, failing to provide equipment free of defects and not subject to manipulation for the vending machines.

27. Plaintiff has fully performed all obligations required of Plaintiff under the Contract.

28. As a proximate result of these breaches of contract, Plaintiff has suffered, and will continue to suffer, actual, general and special damages in an amount to be proven at trial but which is in excess of $400,000.00. Plaintiff seeks compensation for all damages and losses proximately caused by these breaches.

## THIRD CAUSE OF ACTION FOR FRAUD

### (Against ALL Defendants and Does 1-100)

29. Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

30. In or about November 2010, Plaintiff was bidding to enter into a contract with Los Angeles County to provide Mag Stripe readers that could not be manipulated to allow inmates to steal product or credit.

31. Upon information and belief, during the bidding process a meeting was held wherein representatives of the County Sherriff's Department expressed the need for Mag Stripe readers that would not allow the inmates to steal product or credits by "double-stacking", to prevent losses they had suffered as a result of inmates manipulating the machines in the past. Further, they expressed the need for the Mag Stripe Readers to read the existing Debitek cards used by the jails.

6

284534

FIRST AMENDED COMPLAINT

Representatives of ITC were present at the meeting and specifically represented then, and at following meetings, that they could provide Mag Stripe readers that would not allow such losses.

32.   Upon information and belief, before the bid was awarded, ITC representatives arranged an in-person demonstration at First Class Vending. ITC had two technicians demonstrate the "double-stacking" process on their Mag Stripe readers to show that their Mag Stripe Readers were not susceptible to the "double-stacking" cheat. ITC also specifically told multiple representatives from First Class Vending, at this meeting, at subsequent meetings at First Class Vending, and through written correspondence, that their Mag Stripe Readers had been tested and that they were not susceptible to the "double-stacking" issue.

33.   Additionally, upon information and belief, at the bid meeting ITC was presented with questions regarding the Mag Stripe Cards portions of the bid. The bid specifically required the ability of the Mag Stripe Readers to read the existing inmate vending cards. ITC's written response to Plaintiff, specifically stated that their readers were "able to read existing inmate vending cards." ITC also specifically stated, "ITC Systems is able to read the existing debit cards in circularities at the jails. This prevents the county from having to reissue new debits card to replace all existing cards."

34.   Based on Defendants' demonstration of the "double-stacking issue" and subsequent representations by Defendants that their Mag Stripe Readers were not susceptible to the "double-stacking" process and that they could read the existing Debitek cards used by the Los Angeles County Department, Plaintiff agreed to purchase, and have one of its suppliers purchase, 200 Mag Stripe readers and other hardware and software from Defendants, for the purpose of providing vending machines to the Los Angeles Sherriff's Department under the County Agreement.

35.   The aforesaid representations were material representations upon

FIRST AMENDED COMPLAINT

which Plaintiff relied in agreeing to purchase the Mag Stripe readers from Defendants. The representations induced Plaintiff to purchase Mag Stripe readers from Defendants, bid on the County Agreement, and eventually enter into the County Agreement.

36.     Plaintiff is informed and believes, and thereon alleges, that the representations made by Defendants as alleged above, were false, and that Defendants knew the representations were in fact untrue at the time they were made and/or recklessly made the representations without knowing whether they were true or false, and that Defendants made the representations with the specific intention of concealing the true facts, and/or inducing reliance on the untrue facts, all for the purposes of furthering Defendants' personal financial gain and interests.

37.     When ITC made the representations as hereinabove alleged, it did so with the intention to defraud and deceive Plaintiff, and to defraud and deceive Plaintiff's customer, with the intent to induce Plaintiff to purchase the Mag Stripe readers from Defendants and enter into the County Agreement.

38.     At the time the above representations were made by Defendants, Plaintiff was unaware of the falsity of Defendants' representations, unaware of the nature and extent and existence of Defendants' concealed facts, unaware of Defendants' true intentions and believed them to be true. In reasonable and justifiable reliance upon those representations, Plaintiff purchased products from Defendants and executed the County Agreement.

39.     As a proximate result of the false and fraudulent representations and concealment by ITC as hereinabove alleged, Plaintiff has been damaged in a sum according to proof at the time of trial but which sum exceeds $400,000.00.

40.     Defendants' false and fraudulent representations as hereinabove alleged were made willfully, intentionally, and maliciously and in a conscious

///

8

284534

FIRST AMENDED COMPLAINT

disregard of Plaintiff's rights, thus entitling Plaintiff to punitive damages pursuant to California Civil Code § 3294.

## FOURTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION

### (Against ALL Defendants and Does 1-100)

41. Plaintiff realleges and incorporates by reference paragraphs 1 through 40 above, as though fully set forth herein.

42. In or about November 2010, Plaintiff was bidding to enter into a contract with Los Angeles County to provide Mag Stripe readers that could not be manipulated to allow inmates to steal product or credit.

43. Upon information and belief, during the bidding process a meeting was held wherein representatives of the County Sherriff's Department expressed the need for Mag Stripe readers that would not allow the inmates to steal product or credits, to prevent losses they had suffered as a result of inmates manipulating the machines in the past. Representatives of ITC were present at the meeting and specifically represented, at this and subsequent meetings, that they could provide Mag Stripe readers that would not allow such losses.

44. Based on Defendants' representation, that they could provide Mag Stripe readers that were not subject to manipulation, Defendants entered into the County Agreement, and Plaintiff agreed to purchase, and have one of its suppliers purchase, 200 Mag Stripe readers and other merchandise from Defendants.

45. The aforesaid representations were material representations upon which Plaintiff relied in agreeing to purchase the Mag Stripe readers from Defendants. The representations induced Plaintiff to purchase the Mag Stripe readers from Defendants, bid on the County Agreement, and eventually enter into the County Agreement.

46. Plaintiff is informed and believes, and thereon alleges, that the representations made by Defendants as alleged above, were false, and that

9

284534

FIRST AMENDED COMPLAINT

Defendants recklessly made the representations without knowing whether they were true or false, and that Defendants made the representations with the specific intention of inducing Plaintiff to rely on said representations and to purchase and utilize Defendants' products.

47.   At the time the above representations were made by Defendants, Plaintiff was unaware of the falsity of Defendants' representations, unaware of the nature and extent and existence of Defendants' concealed facts, unaware of Defendants' true intentions and believed them to be true.   In reasonable and justifiable reliance upon those representations, Plaintiff purchased products from Defendants and executed the County Agreement.

48.   As a proximate result of the false and fraudulent representations and concealment by ITC as hereinabove alleged, Plaintiff has been damaged in a sum according to proof at the time of trial but which sum in excess of $400,000.00.

## FIFTH CAUSE OF ACTION FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

### (Against ALL Defendants and Does 1-100)

49.   Plaintiff realleges and incorporates by reference paragraphs 1 through 48 above, as though fully set forth herein.

50.   Plaintiff entered into the County Agreement and has a valid business relationship and business expectancies with the Los Angeles County Sherriff's Department.

51.   Defendants knew or should have known that Plaintiff had this existing customer relationship.

52.   Upon information and belief, Defendants are not a party to the County Agreement.

53.   Defendants have intentionally intervened and interfered with Plaintiff's customer relationship, by misrepresenting to Plaintiff that the Mag Stripe Readers would not be susceptible to "double-stacking" and that they could

284534

FIRST AMENDED COMPLAINT

read Debitek cards, causing Plaintiff to improperly perform its' obligations under the County Agreement.

54.    Defendants' actions were intentional in that they knowingly made misrepresentations that they knew would result in a breach or disruption of the Plaintiff's contractual relationship with The Los Angeles Sherriff's department.

55.    Defendants' actions were also intentional in that they knowingly made misrepresentations that were intended to induce a breach or disruption of the Plaintiff's contractual relationship with The Los Angeles County Sherriff's Department, exposing Plaintiff to a possible breach of contract claim for damages in excess of $400,000.00.

56.    As a result of Defendants' intentional interference with this relationship, Plaintiff has been injured irreparably and otherwise, while Defendants are unjustly enriched.

57.    If Defendants are not enjoined, Plaintiff will continue to be injured irreparably and otherwise.

## SIXTH CAUSE OF ACTION FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

**(Against ALL Defendants and Does 1-100)**

58.    Plaintiff realleges and incorporates by reference paragraphs 1 through 57 above, as though fully set forth herein.

59.    Plaintiff entered into the County Agreement and has a valid business relationship and business expectancies with the Los Angeles County Sherriff's Department.

60.    Defendants knew or should have known that Plaintiff had this existing customer relationship.

61.    Upon information and belief, Defendants are not a party to the County Agreement.

///

11

FIRST AMENDED COMPLAINT

62. Defendants have negligently intervened and interfered with Plaintiff's customer relationship, by misrepresenting to Plaintiff that the Mag Stripe Readers would not be susceptible to "double-stacking" and that they could read Debitek cards, causing Plaintiff to improperly perform its' obligations under the County Agreement.

63. Defendants' actions induced a breach or disruption of the Plaintiff's contractual relationship with The Los Angeles County Sherriff's Department, exposing Plaintiff to a possible breach of contract claim for damages in excess of $400,000.00.

64. As a result of Defendants' intentional interference with this relationship, Plaintiff has been injured irreparably and otherwise, while Defendants are unjustly enriched.

65. If Defendants are not enjoined, Plaintiff will continue to be injured irreparably and otherwise.

## SEVENTH CAUSE OF ACTION FOR BREACH OF EXPRESS WARRANTY

### (Against ALL Defendants and Does 1-100)

66. Plaintiff incorporates by reference paragraphs 1 through 65 of this Complaint, as though fully set forth herein.

67. Defendants expressly represented that the Mag Stripe readers purchased by Plaintiff would not be subject to manipulation and Plaintiff relied on that representation.

68. After Plaintiff took possession of the Mag Stripe readers, defects and problems arose with respect to the ability of inmates to manipulate the readers so that they could get merchandise without paying for it.

69. Defendants were put on notice of the defect within one (1) year of the purchase of the Mag Stripe readers.

///

12

284534

FIRST AMENDED COMPLAINT

70. The aforementioned defect is a breach of the express warrantee made by Defendants.

71. Plaintiffs have been damaged in an amount according to proof at the time of trial but well in excess of this Court's minimum jurisdiction.

## EIGHT CAUSE OF ACTION FOR BREACH OF IMPLIED WARRANTY

### (Against ALL Defendants and Does 1-100)

72. Plaintiff incorporates by reference paragraphs 1 through 71 of this Complaint, as though fully set forth herein.

73. Defendants expressly represented that the Mag Stripe readers purchased by Plaintiff would not be subject to manipulation and Plaintiff relied on that representation.

74. After Plaintiff took possession of the Mag Stripe readers, defects and problems arose with respect to the ability of inmates to manipulate the readers so that they could get merchandise without paying for it.

75. Defendants were put on notice of the defect within one (1) year of the purchase of the Mag Stripe readers.

76. The aforementioned defect is a breach of the implied warrantee made by Defendants.

77. Plaintiffs have been damaged in an amount according to proof at the time of trial but well in excess of this Court's minimum jurisdiction.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. Enter judgment in favor of Plaintiff and against Defendants on all Claims for Relief.

2. Order Defendants to pay to Plaintiff the damages sustained by Plaintiff in excess of $400,000.00 as a result of Defendants' unlawful acts;

13

284534

FIRST AMENDED COMPLAINT

3.     Order Defendants to pay to Plaintiff punitive and/or treble damages for all claims for relief for which such damages are authorized;

4.     Order prejudgment and post judgment interest at the maximum legal rate, as provided by the laws of California, as applicable, as an element of damages which Plaintiff has suffered as a result of the wrongful and illegal acts of Defendants;

5.     Order Defendants to pay to Plaintiff restitution and/or repayment for all claims for relief for which restitution is authorized;

6.     Order disgorgement of all improper benefits, profits and/or gains; and

7.     Order such other relief as the Court deems just and equitable.

MICHELMAN & ROBINSON, LLP

Dated: April 12, 2012.          By:_____
                                          MONA Z. HANNA, ESQ.
                                          DAMARIS L. MEDINA, ESQ.
                                          Attorneys for Plaintiff
                                          FIRST CLASS VENDING, INC.

14

284534                                                    FIRST AMENDED COMPLAINT

## PROOF OF SERVICE

STATE OF CALIFORNIA            )
                                              ) ss:
COUNTY OF ORANGE            )

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is 17901 Von Karman Avenue, 10ᵗʰ Floor, Irvine, California 92614.

On **April 13, 2012**, I served the foregoing document(s) described as:

**FIRST AMENDED COMPLAINT FOR:**
**1. BREACH OR ORAL CONTRACT;**
**2. BREACH OF IMPLIED CONTRACT;**
**3. FRAUD;**
**4. NEGLIGENT MISREPRESENTATION;**
**5. INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;**
**6. NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS;**
**7. BREACH OF EXPRESS WARRANTY; and**
**BREACH OF IMPLIED WARRANTY.** on the interested parties by placing a true copy thereof in a sealed envelope(s) addressed as follows:

### - SEE ATTACHED SERVICE LIST -

☒ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Michelman & Robinson LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is scheduled for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit;

☐ (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by ASAP Corporate Services to receive documents to be delivered on the same date. A proof of service signed by the authorized courier is maintained in this office and available for inspection upon reasonable demand.

☐ (BY ELECTRONIC MAIL) By personally transmitting to the above-named person(s), who has previously agreed to receive documents via electronic mail, to the e-mail address as shown above, on the date and time listed below, originating from the Michelman & Robinson, LLP's electronic mail address, pursuant to the C.R.C. 2060 and Government Code § 11440.20. A true copy of the above-described document(s) was transmitted by electronic transmission through the Michelman & Robinson, LLP's mail server, which did not report any error in sending the transmission.

☐ (BY OVERNIGHT MAIL) I am readily familiar with the practice of Michelman & Robinson LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express/United Postal Service/Overnite Express in Irvine, CA for overnight delivery;

☐ (BY FACSIMILE WHERE INDICATED) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(I), I caused the transmitting facsimile machine to issue a transmission report, a copy of which is maintained in this office and is available for inspection upon reasonable demand.

129545

PROOF OF SERVICE

☒ (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (FEDERAL)  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I took said action(s) at the direction of a licensed attorney authorized to practice before the Federal Courts.

Executed on **April 13, 2012**, at Irvine, California.

Ana Messick

-2-

Service List

129545

**SERVICE LIST**
*First Class Vending, Inc. v. ITC Systems (USA), Inc., et al.*
USDC Case No. CV12-2342 ODW (PLAx)
Complaint: 2/23/12
File No. 3026.0031

| | |
|---|---|
| Caldwell Leslie & Proctor, PC<br>1000 Wilshire Boulevard, Suite 600<br>Los Angeles, CA  90017-2463 | |

-3-