O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FIRST CLASS VENDING, INC.,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>ITC SYSTEMS (USA), INC., and DOES 1 through 100, inclusive,<br><br>　　　　　　　Defendants. | Case No. CV 12-2342-ODW(PLAx)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [14]** |

Pending before the Court is Defendant ITC Systems (USA), Inc.'s Motion to Dismiss Plaintiff First Class Vending, Inc.'s First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 14.) Having carefully considered the papers filed in support of and in opposition to this Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## I.   FACTUAL BACKGROUND

In November, 2010, the County of Los Angeles solicited bids for a contract to supply new vending machines for the County Sheriff's jails. (FAC ¶ 8.) The County held a bid meeting and communicated two requirements for the new contract; these requirements were intended to solve problems that existed with the current machines. (*Id.* ¶ 9.) The current machines had magnetic-stripe readers that allowed inmates to manipulate the readers to steal merchandise and credit. (*Id.* ¶ 8.) The County specified that the new machines (1) would not be susceptible to manipulation, and (2) had the ability to read the debit cards already in use by the Sheriff's Department. (*Id.* ¶ 9.)

ITC representatives were present at the bid meeting—and at this meeting and others thereafter—expressed that they could provide magnetic-stripe readers that met the County's specifications. (*Id.* ¶ 11.) ITC arranged an in-person demonstration of its product for First Class, where ITC demonstrated that its magnetic-stripe readers were not susceptible to manipulation. (*Id.* ¶ 12.) Furthermore, ITC assured First Class that its product would have the ability to read the debit cards already in use by the Sheriff's Department. (*Id.* ¶ 13.)

The County awarded the bid to First Class and entered into a written agreement for 200 vending machines. (*Id.* ¶ 6.) Then, First Class purchased 200 magnetic-stripe readers from ITC for the sum of $158,000; these readers were to be installed on the 200 vending machines First Class sold to the County. (*Id.* ¶ 14.)

Upon installation of the new vending machines, First Class discovered that the machines still allowed inmates to steal merchandise and credit; and the machines could not read the existing debit cards used by the Sheriff's Department. (*Id.* ¶ 15.) First Class informed ITC of the problems, and ITC attempted to make software changes to the readers—but this did not fix the problems. (*Id.* ¶ 16.) And because the ITC magnetic-stripe readers could not read the existing debit cards, First Class had to absorb the cost of replacing all existing cards with ones that the new readers could read. (*Id.* ¶ 15.) Further, ITC agreed to provide a prototype for a bar-code reader to replace the magnetic-stripe reader within six months, but ITC failed to provide this prototype. (*Id.* ¶ 16.)

Because First Class's new vending machines fail to meet the standards required by the County, First Class now faces a breach-of-contract claim in excess of $400,000. (*Id.* ¶ 17.) Based on these facts, First Class asserted eight causes of action against ITC in its FAC. ITC moves to dismiss seven of these causes of action.

## II. LEGAL STANDARD

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint need only satisfy the minimal notice-pleading requirements of Rule 8(a)(2)—a short and plain statement—to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal*'s plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Rule 8 demands more than a complaint that is merely consistent with a defendant's liability—labels and conclusions, or formulaic recitals of the elements of a cause of action do not suffice. *Id.* The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting plaintiff's claim for relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

/ / /

## III.  DISCUSSION

First Class's FAC alleges eight causes of action for: (1) breach of oral contract; (2) breach of implied contract; (3) fraud; (4) negligent misrepresentation; (5) intentional interference with contractual relations; (6) negligent interference with prospective economic relations; (7) breach of express warranty; and (8) breach of implied warranty.  ITC moves to dismiss each of these causes of action with the exception of the seventh—breach of express warranty.  The Court considers each cause of action in turn.

### A.  Breach of oral and implied contract

To state a claim for breach of contract under California law, a plaintiff must plead: (1) the existence of the contract; (2) plaintiff's performance or excuse for nonperformance of the contract; (3) defendant's breach of the contract; and (4) resulting damages.  *Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 822, 830 (1968).

ITC argues that First Class fails to establish the first element of a breach of contract claim—the existence of a valid contract. (Mot. 12.)  Specifically, ITC asserts that First Class fails to allege sufficient facts showing an offer and acceptance of terms by the parties.  (*Id.*)  In order to establish the existence of an oral or implied contract, a party must assert facts that show an agreement between the parties. *Division of Labor Law Enforcement v. Transpacific Transp. Co.*, 69 Cal. App. 3d 268, 275 (1977).  The only distinction between an oral and an implied contract is that in the latter, the obligations are implied from the parties' conduct, rather than expressed in words.  *Id.*

First Class alleges it entered into an agreement with ITC for 200 magnetic-stripe readers in exchange for $158,000.  (FAC ¶ 14.)  ITC assured First Class that its magnetic-stripe readers would meet the County's requirements and would not have the defects present in the County's current vending machines.  (*Id.* ¶¶ 12, 14.)  When First Class discovered that ITC's magnetic-stripe readers still allowed inmates to steal merchandise and credit, and could not read the existing debit cards used by the

1  Sheriff's Department, First Class informed ITC of the problems. (*Id.* ¶¶ 15, 16.) ITC
2  attempted to make software changes to the readers, but was unable to fix the
3  problems. (*Id.* ¶ 16.) Further, ITC failed to provide an agreed-upon prototype for a
4  bar-code reader to replace the magnetic-stripe reader within six months. (*Id.*)
5  Assuming these allegations are true, they show that there was a contractual
6  relationship between the parties, both oral and implied. ITC knew what they were
7  asked to deliver, and First Class expected ITC to deliver in exchange for payment.

8  ITC does not contend that First Class fails to plead the other elements for
9  breach of contract. Thus, ITC's Motion to dismiss the first and second claims for
10 breach of contract is **DENIED**.

11 **B.    Fraud and negligent misrepresentation**

12 The elements of a cause of action for fraud are: (1) misrepresentation;
13 (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable
14 reliance; and (5) resulting damage. *City Solutions Inc. v. Clear Channel Commc'ns,*
15 *Inc.*, 365 F.3d 835, 839 (9th Cir. 2004). A claim for negligent misrepresentation
16 closely parallels a claim for fraud because it requires a plaintiff to allege the same
17 facts, with the exception of proving a defendant's intent to deceive. *Platt Elec.*
18 *Supply, Inc., v. EOFF Elec., Inc.*, 522 F.3d 1049, 1055 (9th Cir. 2008). That is, a
19 plaintiff need only show that a defendant made false statements, honestly believing
20 that they are true, but without reasonable ground for such relief. *Id.* The Court
21 considers these two claims together.

22 ITC claims that First Class failed to state facts that satisfy the heightened
23 pleading standard of Federal Rule of Civil Procedure 9(b). (Mot. 9.) Pleadings for
24 fraud and negligent misrepresentation are subject to a heightened standard, requiring a
25 party to "state with particularity the circumstances constituting fraud or mistake."
26 Fed. R. Civ. P. 9(b). Particularity means that averments of fraud must be
27 accompanied by "the who, what, when, where, and how" of the misconduct charged.
28 *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

1  First Class alleges that ITC represented that it would furnish magnetic-stripe readers that met the County's specifications. (FAC ¶¶ 11–14.) First Class also pleads that ITC either knew the representations were untrue—that the readers did not meet the required specifications—or recklessly made the representations without knowing whether or not they were true. (*Id.* ¶ 36.) First Class further alleges that ITC made these representations with the intent to cause First Class to purchase the magnetic-stripe readers and to further ITC's own financial interests. (*Id.* ¶¶ 11–14, 38.) Finally, First Class alleges damages resulting from its breach of the County agreement, which was proximately caused by ITC's misrepresentations. (*Id.* ¶ 39.)

Based on these allegations, the Court finds that First Class's pleadings satisfy the heightened pleading standard for its claims for fraud and negligent misrepresentation. Accordingly, ITC's Motion to dismiss the third and fourth claims for fraud and negligent misrepresentation is **DENIED**.

**C.     Negligent interference with prospective economic relations**

To state a claim for negligent interference with prospective economic relations, a plaintiff must allege that:

> (1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship.

*N. Am. Chem. Co. v. Superior Ct.*, 59 Cal. App. 4th 764, 786 (1997). A plaintiff must also allege facts establishing that the defendant's interference was "wrongful by some measure beyond the fact of the interference itself." *Nat'l Med. Transp. Network v. Deloitte & Touche*, 62 Cal. App. 4th 412, 439 (1998).

ITC argues that First Class does not allege an independent wrongful act, other than breach of contract and breach of warranty; and breach of contract or warranty is not wrongful conduct that could support an interference claim. (Mot. 11–12.)

But First Class adequately pleads other wrongful acts. For instance, First Class pleads that ITC misrepresented its magnetic-stripe readers and fraudulently induced First Class to purchase them based on those representations. (FAC ¶ 14.) This tortuous act satisfies the independent wrongful-act requirement. Therefore, ITC's Motion to dismiss the fifth claim for negligent misrepresentation is **DENIED**.

**D.  First Class's tort claims are not barred by the economic loss rule.**

ITC also argues that First Class's third, fourth, fifth, and sixth claims are barred as a matter of law by the economic-loss rule. This rule generally prevents a party from recovering in tort for liability that results from a breach of contract. *Aas v. Superior Court*, 24 Cal. 4th 627, 643 (2000). But there are instances where this rule does not apply, such as where a contract is fraudulently induced. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 989 (2004).

As discussed above, First Class properly pleaded claims for fraud, negligent misrepresentation, and negligent interference with prospective economic relations—relying on, as the wrongful conduct, ITC's misrepresentations to First Class about the magnetic-stripe readers. (FAC ¶¶ 11–14.) In addition, the damages sustained by First Class because of these defective magnetic-stripe readers is not the $158,000 that it paid to ITC for them; it is the "excess of $400,000" that First Class is liable for by breaching the its agreement with the County. (*Id.* ¶¶ 14, 17.)

Accordingly, the Court finds that the economic loss rule does not bar First Class's third, fourth, fifth, and sixth claims.

**E.  Eighth claim for breach of implied warranty**

Under California law, an implied warranty exists where: (1) at the time of purchase the buyer intended to use the goods for a particular purpose; (2) at the time of purchase, the seller had reason to know of this particular purpose; (3) the buyer

relied on the seller to use its judgment to select goods suitable for the particular purpose; and (4) at the time of purchase, the seller had reason to know that the buyer relied on such judgment. *Keith v. Buchanan*, 173 Cal. App. 3d 13, 25 (1985).

ITC contends that First Class fails to state a claim because it did not sufficiently allege that the magnetic-stripe readers lacked a base level of quality. (Mot. 14.) But this is irrelevant here. Rather, the issue is whether the magnetic-stripe readers were unfit to be used for vending machines under the County agreement. Thus, a product could be of the highest quality, but still breach its implied warranty if the buyer cannot use it for the specific purpose communicated by the buyer to the seller.

Here, the Court finds that First Class alleges sufficient facts for a claim of breach of implied warranty. ITC knew that the magnetic-stripe readers were for vending machines under the County agreement. (FAC ¶¶ 11–14.) ITC also knew that the magnetic-stripe readers must not be susceptible to manipulation, and must have the ability to read the debit cards already in use by the Sheriff's Department. (*Id.*) Further, ITC knew that First Class relied on ITC's representations about their magnetic-stripe readers. (*Id.* ¶ 14.)

Assuming these facts to be true, the Court finds that First Class adequately pleaded each element of a cause of action for breach of implied warranty. Thus, ITC's Motion to dismiss the eight claim for breach of implied warranty is **DENIED**.

## IV.  CONCLUSION

For the foregoing reasons, ITC's Motion to Dismiss First Class's First Amended Complaint is **DENIED**.

**IT IS SO ORDERED.**

June 26, 2012

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**